Joseph A. Cox, S.
In this trustees’ accounting, the court is asked to construe paragraphs Seventh and Eighth of the will insofar as they relate to the investment powers of petitioners.
Under paragraph Seventh, testator devised and bequeathed his residuary estate to his trustees in trust " to hold, invest, reinvest, change investments, keep the same invested, collect the income therefrom ” and to pay the net income to the life beneficiary with .remainder to her issue and in default thereof to charities. About four fifths of his estate consisted principally of United States and municipal bonds and securities and the balance of real property. In paragraph Eighth, after directing sale of the real property, he further provided “I direct that any and all investments by my executors or trustees be made in bonds or securities issued by the United States Government or by the City of New York.”
The question that is argued is whether the quoted provision governs all investments or is restricted to the proceeds of sale of the real property. Petitioners contend that the direction as *929 to investments, following as it does immediately upon the direction to sell, relates specifically to the proceeds of sale and to no other assets of decedent’s estate. They cite Matter of Burton (83 N. Y. S. 2d 780) as authority for the holding that the phrase “ to change investments ” permits substitution of one investment for another, and where such power is not qualified, it permits a broad discretion. However, that decision was based upon a construction of the entire paragraph of the will and the testator’s investment plan. Particular emphasis was placed upon, the failure of testator expressly to prescribe the kind of new investment the trustee might make. It is true that absent any specific direction in a will, a fiduciary is permitted to invest in the securities a prudent man would select, having due regard to to the safety of the investment and a fair yield thereon, limited only by the provisions of section 21 of the Personal Property Law. However, in the instant will, we have such a specific direction in paragraph Eighth where testator restricts “any and all investments” to United States Government or New York City bonds or securities. The language of paragraph Seventh is merely the general language used in the creation of any trust, giving the rest, residue and remainder to his trustees in trust to invest and reinvest, to collect and pay or apply the income. It is significant that the word “ retained ” is omitted, especially in view of the fact that testator restricted himself for the most part in his lifetime to similar investments in municipal and Government bonds. In being directed in the following paragraph to invest only in similar securities, the trustees were in effect being authorized and directed to retain the same type of investment so that there was no need to use the word “ retain ” in the previous paragraph. As a matter of fact, for a period of over 15 years, petitioners have carried out the intention and direction of the testator by retaining the same or investing in similar securities, as disclosed in the account, thus acquiescing in the wishes of the testator.
Irrespective of its position in the will, the court holds that the provisions of paragraph Eighth constitute a clear mandatory direction to the trustees to invest all of the trust funds only in the type of bonds and securities specifically mentioned. Coupled with the provisions of paragraph Seventh, this also applies to reinvestments.
Submit decree on notice construing the will and settling the account accordingly.